UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>NAJIB M. BATSHON, et al.,<br><br>    Defendants. | Case No. 4:18-cv-05189-KAW<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO BE RELIEVED FROM MEDIATION REQUIREMENT**<br><br>Re: Dkt. No. 18 |

On March 4, 2019, Defendants filed an administrative motion to be relieved from General Order 56's mediation requirement on the grounds that they were "contemplating" certain remedial actions that may moot this lawsuit. (Defs.' Mot., Dkt. No. 18 at 3.)

On March 25, 2019, Plaintiff filed a declaration in opposition of the motion, wherein counsel reiterated that Plaintiff is entitled to mediation as a matter of right under General Order 56. (Dkt. No. 22.) The Court agrees.

As an initial matter, Defendants are merely contemplating removing certain, identified barriers. There is no indication that they have done so, nor that these were the only barriers identified at the site inspection.

Furthermore, even if Defendants actually removed the barriers, only Plaintiff's claim for injunctive relief would be potentially mooted, and, to successfully do so on summary judgment, Defendants would have the formidable burden of persuading the undersigned that the alleged barriers would not reasonably be expected to recur. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 190 (2000); *see also Crandall v. Starbucks Corp.,* 249 F. Supp. 3d 1087, 1108 (N.D. Cal. 2017) (denying summary judgment on mootness grounds where the barriers could easily recur). Given the nature of the barriers and the potential remediation—

e.g. making the inaccessible bathroom "employees only" and implementing exclusive valet parking in lieu of having an accessible parking stall— it is unlikely that Defendants could satisfy their burden.

Additionally, Plaintiff may still be entitled to statutory damages for any visits under state law; counsel would be entitled to attorneys' fees; and other barriers encountered at the site visit would also be subject to removal if their removal was readily achievable. *See West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) (Even in an absence of potential injunctive relief, a case is not mooted so long as any effective relief remains available.)

Accordingly, Defendants' motion is DENIED. The parties are ordered to contact the ADR Unit regarding the status of their mediation referral within 7 days of this order.

IT IS SO ORDERED.

Dated: April 24, 2019

KANDIS A. WESTMORE
United States Magistrate Judge